IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO R. CANALES, | § | |
| Petitioner, | § | |
| v. | § | C.A. NO. C-06-266 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## ORDER

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion for an extension of time to file a properly signed petition. (D.E. 15).

Proceeding pro se, petitioner filed his petition on June 27, 2006. (D.E. 1). The petitioner did not sign or date the petition. On June 28, 2006, the Court issued a Notice of Deficient Pleading instructing petitioner that he had twenty days to correct the deficiency by filing a signed and dated petition, or his case would be subject to dismissal for failure to prosecute his claims. (D.E. 5). On June 29, 2006, the Court issued an Order for Service of Process ordering respondent to respond to the petition. (D.E. 6). On July 14, 2006, petitioner filed an amended petition dated June 28, 2006. (D.E. 7). However, this petition also was not signed by petitioner, but rather by Alicia Aralos. Id. at 9. On August 2, 2006, the Court issued an Order for the petitioner to correct the deficient pleading within ten days by filing a properly signed and dated petition. (D.E. 12). As of this date, the Court has not received a properly executed petition containing petitioner's signature.

Ms. Aralos is petitioner's sister and she asserts that she has power of attorney to represent him in this matter. (D.E. 15, at 1). Indeed, she signed the motion for the extension of time instead of petitioner.

Rule 11 addresses the need for a signature to each filing as well as who may sign the filing:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Fed. R. Civ. P. 11(a). The Fifth Circuit has explained that "'[t]he purpose of requiring [in Rule 11a] unrepresented parties to sign their pleadings .... was to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf.'" Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) (citations omitted). It further elaborated that "[w]hen the unsigned pleading or other paper is tendered to the clerk for filing by the pro se party himself, that purpose of Rule 11a may be sufficiently fulfilled to allow relation back if the party with reasonable promptness thereafter signs and refiles the document." Id. (citation omitted); see also Becker v. Montgomery, 532 U.S. 757, 764 (2001) (Rule 11(a) allows party to promptly correct failure to sign filing); Wash v. Johnson, 343 F.3d 685, 688 (5th Cir. 2003) (per curiam) (same). However, the Fifth Circuit also cautioned that "where the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." Gonzales, 157 F.3d at 1021 (emphasis added).

2

Ms. Aralos may not sign the petition for her brother. Either petitioner or an attorney who is admitted to practice before this Court and is representing petitioner must sign filings in the future.

The pending motion for an extension of time, (D.E. 15) is GRANTED. Accordingly, petitioner has until September 20, 2006 to sign his petition. Petitioner is advised that failure to timely sign his petition may result in dismissal of his lawsuit for failure to prosecute. See Fed. R. Civ. P. 41(b).

ORDERED this 5th day of September 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE