IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

EDUARDO R. CANALES,      §
     TDCJ-CID NO. 1276027,      §
         §
v.          §      C.A. NO. C-06-266
         §
NATHANIEL QUARTERMAN,      §
     DIRECTOR, TDCJ-CID.      §

**MEMORANDUM AND RECOMMENDATION**
**ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division, and currently is incarcerated at the Ferguson

Unit in Midway, Texas.  Proceeding pro se, petitioner filed an amended habeas

corpus petition pursuant to 28 U.S.C. § 2254 on September 6, 2006.  (D.E. 17).  On

December 12, 2006, respondent filed a motion for summary judgment arguing that

petitioner has failed to demonstrate that he is entitled to habeas relief.  (D.E. 25).

Petitioner filed a response entitled "Petitioner's Motion To Oppose Summary

Judgement With Brief" on January 16, 2007.  (D.E. 27).  For the reasons stated

herein, it is respectfully recommended that the respondent's motion for summary

judgment be granted.

# I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 28th Judicial District Court in Nueces County, Texas, and therefore, jurisdiction is proper in this Court.

# II. BACKGROUND

**A.    Procedural Background.**

Respondent has lawful custody of petitioner pursuant to a judgment of the 28th Judicial District Court of Nueces County, Texas, in cause number 04-CR-3360-A, styled The State of Texas v. Eduardo Canales.  Ex parte Canales, App. No. WR-63,328-01, at supp. p. 40-41.  In September 2004, petitioner pled guilty to robbery, a first degree felony, as part of a plea agreement.  Id. at 41.  The indictment charged him with aggravated robbery, but pursuant to the agreement, the court accepted his guilty plea and found him guilty of the lesser charge of robbery.  Id. at 42.  Based on a finding that he was a habitual felony offender, the court sentenced him to thirty years confinement.  Id.

Petitioner was notified in the written admonishments he received prior to his guilty plea that his right to appeal would be limited by the plea agreement.  Id. at

2

85.  Nevertheless, on December 13, 2004, the court granted him the right to an appeal.  Id. at 97.  However, petitioner failed to file a timely notice of appeal.  Id. at 114.  On April 7, 2005, the Thirteenth Court of Appeals denied his appeal for want of jurisdiction because it was untimely filed.  Canales v. State, slip op., 13-05-122-CR.

On August 30, 2005, petitioner filed a state application for writ of habeas corpus.  Ex parte Canales, App. No. WR-63,328-01, at 2.  In his state application, he claimed insufficient evidence and ineffective assistance of counsel.  Id. at 7.  On February 23, 2006, the state trial court denied his application, finding the assertions in the State's answer to be correct.  Id. at supp. p. 117.  On March 29, 2006, the Texas Court of Criminal Appeals adopted the findings of the trial court and denied petitioner's application without written order.  Id. at cover.  On September 6, 2006, he properly filed this petition for writ of habeas corpus.  (D.E. 17).

**B.    Factual Background.**

According to a Corpus Christi Police Department Offense Report, on September 27, 2004, petitioner assisted with an armed robbery at a Corpus Christi Wal-Mart.  Ex parte Canales, App. No. WR-63,328-01, at 130-32.  The report states that Anna Zamora was detained outside of the store after she placed several items into a bag and on her person and walked out of the store.  Id. at 130.  As she

3

attempted to get into a van driven by petitioner, he yelled at the store loss prevention officers to "stay away from her." Id. at 131. He then brandished a knife and waived it at the loss prevention officer, stabbing him in the right hand. Id. The officer backed off and allowed Ms. Zamora and petitioner to proceed toward the van. Id.

Meanwhile, another loss prevention officer appeared at the scene and, unaware of the knife, ran toward the van to try and stop petitioner and Ms. Zamora. Id. The officer grabbed petitioner from behind, and he dropped the knife. Id. Ms. Zamora attempted to drive away in the van. Id. Police officers then arrived at the scene, and had Ms. Zamora exit the van at gunpoint and arrested her, before forcibly arresting petitioner. Id.

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition:

(1)    His counsel provided ineffective assistance of counsel because he:

(a)    misrepresented the law regarding the charges against petitioner, and therefore did not require the prosecutor to prove the elements of the offense, (D.E. 22, at 4);

4

    (b)     failed to interview witness Corina Samora, <u>id.</u> at 6;[1]

    (c)     failed to use evidence to build a defense, <u>id.</u>;

    (d)     failed to request an examining trial, <u>id.</u>, at 7;

    (e)     failed to file pretrial motions, <u>id.</u>;

    (f)     failed to file a timely notice of appeal and attempted to withdraw as counsel, <u>id.</u>, at 8; and

    (g)     coerced petitioner into pleading guilty, <u>id.</u>

## IV. EXHAUSTION OF STATE COURT REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1); <u>Fisher v. Texas</u>, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted).  Respondent does not dispute that petitioner exhausted his state court remedies before filing this petition.  (D.E. 25, at 3).

---

[1] Corina Samora is an alias for petitioner's co-defendant Anna Zamora.  <u>The State of Texas v. Edward Canales</u>, Cause No. 04-CR-3360-A, Clerk's Record, at 4.

# V.  STANDARD OF REVIEW

## A.      Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),"federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); 28 U.S.C. § 2254(d)(1); see also Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at 694 (citing Williams, 529 U.S. at 404-05).  The Bell Court explained:

> A federal court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court

6

correctly identifies the governing legal principles but
unreasonably applies it to the facts of the particular case.
The focus of the latter inquiry is on whether the state
court's application of clearly established federal law is
objectively unreasonable, and we stressed in *Williams*
that an unreasonable application is different from an
incorrect one.

Id. (citations omitted).

The Fifth Circuit has held that federal courts may not grant a writ of habeas

corpus merely on the finding of an error by a state court, but rather only where a

"state court arrives at a conclusion opposite to that reached by [the Supreme Court]

on a question of law or if the state court decides a case differently than [the

Supreme] Court on a set of materially indistinguishable facts."  Hill v. Johnson,

210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to

review only a state court's decision, and not the written opinion explaining its

decision.  Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state

court's "ultimate decision" is to be tested for reasonableness, "not every jot of its

reasoning."  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore,

a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so

long as neither the reasoning nor the result of the state-court decision contradicts

them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537

U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only available if a state court decision is unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam).

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C.  § 2254(e)(1)); see also Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998).  The presumption of correctness is accorded to adjudications made by a state court during review of a petitioner's state petition for habeas corpus relief.  See Morrow, 367 F.3d at 315.  The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th

Cir. 2001)).  The presumption of correctness also applies to mixed questions of law and fact.  Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted).  Findings of fact may be implied from conclusions of law.  See Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.      Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and by drawing all reasonable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston , 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

## VI.  DISCUSSION

**A.    Application of AEDPA's Deference to Petitioner's Claims.**

The Texas courts have already considered and rejected petitioner's claims. Ex parte Canales, App. No. WR-63,328-01, at cover.  The claims that he is

10

pursuing in this petition were raised in his state habeas corpus application.  Id. at 10-18; (D.E. 22, at 4-8).  The Texas Court of Criminal Appeals denied his state habeas application without written order based on the findings of the trial court. Id. at cover.  This denial of petitioner's application, even though it does not contain a written opinion, is not silent or ambiguous.  See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits).  It is a decision on the merits and is entitled to the AEDPA's deference. 28 U.S.C. § 2254(d); see also Neal v. Puckett, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive").

Thus, deference to the state court decision is mandated by § 2254(d).  See Morrow, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication on his claims was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

**B.     Standard of Review Pursuant to <u>Strickland v. Washington</u>.**

The Fifth Circuit has stated that when the validity of a plea is contested, "whether [the petitioner] received constitutionally deficient counsel prior to

pleading guilty is relevant to the validity of the plea itself." United States v. Guidry, 462 F.3d 373, 378 n.6 (5th Cir. 2006) (citation omitted).  If a habeas petitioner complains that his guilty plea was involuntary due to ineffective assistance of counsel, the Fifth Circuit has established that "he must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 678 ... (1984)." Uresti v. Lynaugh, 821 F.2d 1099, 1101 (5th Cir. 1987).  Therefore, "[t]o demonstrate ineffectiveness of counsel in the plea bargaining arena, [petitioner] must establish that his trial counsel's performance: (1) fell below an objective standard of reasonable competence and (2) that he was prejudiced by his counsel's deficient performance." James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995) (citations omitted).  Petitioner has the burden of proof under the Strickland test. See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).  In order to show counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred. Id. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel. Id. at 689.

12

The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment. Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has established that with respect to a guilty plea, counsel "must actually and substantially assist his client in deciding whether to plead guilty ... [and] provide the accused an 'understanding of the law in relation to the facts.'" Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974) (citations omitted); see also Pollinzi v. Estelle, 628 F.2d 417, 419 (5th Cir. 1980) (per curiam) ("Where a defendant pleads guilty, counsel's responsibility is to determine whether the plea is entered voluntarily and knowingly, ... to assist his client actually and substantially in deciding whether to plead guilty, ... to provide the accused with an understanding of the law in relation to the facts, ... and to give advice that permits the accused to make an informed and conscious choice.") (citations omitted). The attorney's advice "need not be perfect, but it must be reasonably competent." Id. (citation omitted). For a petitioner to succeed on a complaint that counsel rendered ineffective assistance in connection with a guilty plea, he must prove that counsel's "misadvice fell short of 'an objective standard of reasonableness.'" Czere v.

13

Butler, 833 F.2d 59, 63 (5th Cir. 1987) (citation omitted).  A petitioner must show that "the advice he received from [his attorney] during the course of the representation and concerning the guilty plea was not 'within the range of competence demanded of attorneys in criminal cases.'"  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)).

A reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice.  Strickland, 466 U.S. at 697; Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).  "The Supreme Court [has also] emphasized that this two-part Sixth Amendment inquiry need proceed in no particular order."  Czere, 833 F.2d at 63 (citation omitted).  The Fifth Circuit has held that a petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted).  "When a defendant complains about attorney error concerning a plea, Strickland's prejudice prong requires a showing that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."  Uresti, 821 F.2d at 1101 (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)); accord Theriot v. Whitley, 18 F.3d 311, 312 (5th Cir. 1994) (per curiam) (citing Hill).

In addition, conclusory allegations of ineffective assistance of counsel do not

14

give rise to a constitutional claim for federal habeas relief.  See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).  ("Because [the petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly failed to preserve and did not assert any resulting prejudice, the district court properly determined that these three claims of ineffective assistance were conclusory.") (emphasis in original).  The Fifth Circuit has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner], ... we [can find] no merit to these [claims].'"  Id. (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Finally, in order to prove that he is entitled to federal habeas relief due to ineffective assistance of counsel, petitioner must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a showing under *Strickland*, but] ... whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.") (emphases in original).  The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim

15

must be accepted unless it was an unreasonable application of its teaching."

Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir.), cert. denied, 127 S. Ct. 732

(2006).

**C.     Petitioner Fails to State a Claim for Ineffective Assistance of Counsel.**

   **1.     Petitioner's Claim That His Counsel Misrepresented the Law.**

   Petitioner asserts that he "was advised by counsel that the Prosecutors did

not have to meet the burden of proving all the elements of the prescribe[d] offense

to obtain an aggravated Robbery conviction."  (D.E. 22, at 4).  He claims he did

not participate in a theft, which was an element of the offense, because his

accomplice, not him, was the one who removed the items from the Wal-Mart.  Id.

at 4-5.  He contends that no rational juror would have found him guilty because the

state could not prove he committed a theft.  Id.  He claims he was not a party to the

offense.  Id. at 5-6.

   The Fifth Circuit has held that "[c]ounsel must be familiar with the facts and

the law in order to advise the defendant meaningfully of the options available."

Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981) (citation omitted).

Regarding petitioner's allegations in his state habeas application, his defense

counsel stated:

> Mr. Canales complains I "misstated the law" concerning
> sections 29.02 and 29.03 of the Texas Penal Code by

16

> telling him the State did not have to prove he either
> committed theft or was in the course of committing the
> theft in order for a jury to find him guilty of either
> aggravated robbery or robbery.  Mr. Canales was
> correctly advised about the law.  His culpability in the
> robbery was based upon his use of force to aid his co-
> defendant, Ms. Zamora, to maintain control of the
> property, which she had just stolen.  Robbery can be
> committed in this manner.

Ex parte Canales, App. No. WR-63,328-01, State's Answer, Ex. B.  Pursuant to

Texas law, if a defendant aids an accomplice in the commission of aggravated

robbery, that is sufficient to uphold a conviction.  See, e.g., Brown v. State,

 __ S.W.3d __, 2006 WL 3628835, at *5-6 (Tex. App. Dec. 14, 2006).

Nevertheless, "proper interpretation of state law is *not* cognizable in federal habeas

proceedings."  Beazley v. Johnson, 242 F.3d 248, 261 (5th Cir. 2001) (emphasis in

original).  The record reflects that petitioner's counsel advised him as best as

possible of the options available given the facts of the case and state law.  The state

court adopted the assertions by petitioner's counsel.  Ex parte Canales, App. No.

63,328-01, at supp. p. 116-17.  This factual finding is entitled to a presumption of

correctness, and petitioner has not presented clear and convincing evidence to

overcome this presumption.

Petitioner has presented nothing to suggest that the state court's

determination of this claim was contrary to or an unreasonable application of

17

federal law.  Thus, it is respectfully recommended that petitioner's claim that his

counsel rendered ineffective assistance by misrepresenting the law relating to the

offense charged is without merit.

## 2.    Petitioner's Claim That His Counsel Failed to Interview Material Witness.

Petitioner claims that his counsel "failed to interview Corina Samora, a

material witness ... who had first hand [sic] knowledge that the Petitioner did not

commit a theft."  (D.E. 22, at 6).  Regarding this claim in petitioner's state habeas

application, his defense counsel stated:

> I believe Mr. Canales is referring to the lady who was
> with him during the alleged robbery.  This lady was his
> girlfriend or wife.  She was indicted in the same
> indictment with Mr. Canales.  She plead [sic] guilty and
> was placed on probation prior to Mr. Canales's trial
> setting.  I did interview her.  After her guilty plea, and
> shortly before jury selection in Mr. Canales's case, she
> would have testified in a way that would exonerate Mr.
> Canales; however, Officer Bintliff could have impeached
> her.  He was prepared to testify that at the time of her
> arrest, she had made an excited utterance that he heard
> where she stated that Mr. Canales had made her steal the
> goods in question in that if she didn't, he would hurt her.

Ex parte Canales, App. No. WR-63,328-01, State's Answer, Ex. B.  Regardless of

whether the officer's testimony would have impeached Ms. Zamora's testimony if

there had been a trial, the state court adopted counsel's assertion that he did

interview Ms. Zamora.  Id. at supp. p. 116-17.  Petitioner has not presented any

18

evidence, such as an affidavit from Ms. Zamora that his counsel did not properly interview her, which would overcome the presumption of correctness to which the state court's factual findings are entitled.  He has presented no more than a conclusory allegation that his counsel did not sufficiently interview Ms. Zamora, which is insufficient to warrant habeas relief.  Furthermore, he has failed to demonstrate that the state court's resolution of this claim in his state application was contrary to or an unreasonable application of federal law.

It is respectfully recommended that petitioner's claim that his counsel rendered ineffective assistance by failing to interview Ms. Zamora is conclusory and without merit.

### 3.        Petitioner's Claim That His Counsel Failed to Build a Defense.

Petitioner claims that his counsel "failed to admit a receipt as evidence to build a defense and prove that the Petitioner['s s]ole purpose for being at WalMart was only to get his vehicle [maintenance]."  (D.E. 22, at 6).  The record reflects that petitioner's counsel was in possession of the receipt.  See Ex parte Canales, App. No. WR-63,328-01, at supp. p. 62.  In addition, petitioner's counsel stated that he did have the receipt, and whether petitioner had business at the Wal-Mart was never in dispute, but instead that the receipt was not helpful to petitioner's case.  Id. at State's Answer, Ex. B.

19

In the Fifth Circuit, petitioner cannot prove prejudice under the <u>Strickland</u> test unless he proves that his counsel failed to discover exculpatory evidence that would have changed counsel's advice.  <u>See</u> <u>Mangum v. Hargett</u>, 67 F.3d 80, 84 (5th Cir. 1995) (citation omitted).  The <u>Mangum</u> Court explained that:

> If the petitioner claims that counsel erred by failing to investigate or discover certain exculpatory evidence, the prejudice determination will depend upon whether the discovery of such evidence would have influenced counsel to change his advice regarding the guilty plea. Of course, whether counsel would have changed his advice depends on his prediction whether the evidence would change the outcome of the trial.  Analogously, to show prejudice in regard to a claim that the attorney failed to raise a certain defense, the petitioner must show that the defense likely would have been successful at trial.

<u>Id.</u> (citations omitted).  Not only did petitioner's counsel have the receipt, but it also did not change counsel's advice to petitioner to plead guilty to the lesser offense of robbery (as opposed to aggravated robbery), and petitioner has not shown that the receipt would have been a successful defense.  He has failed to show that prejudice resulted from his counsel's actions, and therefore has failed to state a claim for habeas relief.

It is respectfully recommended that petitioner's claim that his counsel failed to build a defense based on the receipt does not state a claim for habeas relief.

**4.     Petitioner's Claim That His Counsel Failed to Request an Examining Trial.**

Petitioner claims that his counsel was ineffective because he failed to request an examining trial.  (D.E. 22, at 7).  He argues that counsel was appointed before he was indicted, rather than after he was indicted.  Id.  The record reflects that counsel was appointed on October 8, 2004, and that the grand jury indicted petitioner on October 7, 2004.  Ex parte Canales, App. No. WR-63,328-01, at 55-56, supp. p. 84.  Petitioner asserts that he was actually indicted after that date because an amended indictment was filed on November 19, 2004.  See id. at supp. p. 124-25.

The Texas Court of Criminal Appeals has explained that an examining trial has three purposes: "(1) to determine whether there exists sufficient evidence of guilt to hold a suspect accused of criminal conduct; (2) to determine whether bail should be allowed and if so, the amount of bail; and (3) to perpetuate the testimony of witnesses, including any voluntary statement the suspect may wish to make." State of Tex. ex rel. Holmes v. Salinas, 784 S.W.2d 421, 424 (Tex. Crim. App. 1990) (en banc) (citations omitted).  "Although a suspect's right to an examining trial is termed 'absolute', it is very well settled that this right to a preliminary hearing is not unrestricted but is in fact terminated by the return of an indictment." Id. (citations omitted); see also Tex. Code Crim. Proc. art. 16.01 ("accused in any

21

felony case shall have the right to an examining trial before indictment"). The
Fifth Circuit has held that federal law does not guarantee a Texas criminal
defendant the right to an examining trial before an indictment. <u>State of Texas v.
Reimer</u>, 678 F.2d 1232, 1233 (5th Cir. 1982). A habeas petition cannot remedy the
violation of a state right. <u>Johnson v. Blackburn</u>, 778 F.2d 1044, 1050 (5th Cir.
1985).

Petitioner has failed to demonstrate that he was entitled to an examining trial
because of the amended indictment, and has failed to show that the state court's
resolution of this claim was contrary to or an unreasonable application of federal
law. Furthermore, petitioner has failed to show that counsel's decision not to
request an examining trial prejudiced him in that he would not have pleaded guilty
had counsel requested an examining trial. Thus, he cannot show that his counsel
rendered ineffective assistance by failing to request an examining trial. It is
respectfully recommended that petitioner's claim that his counsel rendered
ineffective assistance by failing to request an examining trial is without merit.

### 5. Petitioner's Claim That His Counsel Failed to File Pretrial Motions.

Petitioner asserts that his counsel failed to "file any Pre trial motions for
defense for his client." (D.E. 22, at 7). Regarding this claim, counsel stated that
"[t]here was no need for pre-trial motions, because I received full discovery, and

there were no grounds to suppress any evidence." Ex parte Canales, App. No.

63,328-01, State's Answer, Ex. B. The state court found counsel's statement to be

true. Id. at cover. Petitioner has failed to state what motions he believes his

counsel should have filed, and has failed to show that the filing of motions would

have changed his decision to plead guilty. Furthermore, counsel is not required to

file pretrial motions if the prosecutor establishes an open file policy that would

make the filing of discovery motions or Brady requests pointless. Smith v.

Maggio, 696 F.2d 365, 367 (5th Cir. 1983).

It is respectfully recommended that petitioner's conclusory allegation that

his counsel rendered ineffective assistance by failing to file pretrial motions fails to

state a claim for habeas relief.

### 6.    Petitioner's Claim That His Counsel Sought To Withdraw From Representing Him On Appeal.

Petitioner claims that his counsel filed a motion to withdraw after the time

for filing an appeal had passed. (D.E. 22, at 8). The record reflects that petitioner

filed a pro se notice of appeal, and that his counsel requested to withdraw from the

appeal because petitioner alleged ineffective assistance of counsel in his appeal.

Ex parte Canales, App. No. WR-63,328-01, State's Answer, Ex. B, supp. p. 49.

Counsel wrote the court that "[s]ince Mr. Canales based his pro se appeal on my

representation, I believe I have a conflict in acting on his behalf in reference to an

appeal." Id.  The court appointed petitioner new representation for his appeal.  Id.

at supp. p. 81.  The Texas state court denied this claim when petitioner raised it in

his state habeas application.  Id. at cover.

To the extent that this claim is construed as asserting defense counsel failed

to file a notice of appeal, petitioner generally waived his right to appeal.

Specifically, he consented to a limited appeal:

> If the Court does accept the plea bargain, and then you
> are dissatisfied with the judgment of the Court, you will
> not be allowed to appeal unless you have permission
> from the Court, except on those matters which have been
> raised by written motion filed prior to this hearing and
> ruled upon by the Court; that is, you have a limited right
> to appeal if the Court follows the plea bargain.

The State of Texas v. Edward Canales, Cause No. 04-CR-3360-A, Clerk's Record,

at 41.  There is no evidence that he satisfied any prerequisites to filing an appeal.

Moreover, there is no evidence that he requested his attorney to file a notice of

appeal for him.

Petitioner's claims of ineffective assistance of counsel were raised in his

state habeas application, and denied.  He has not presented this Court with any

proof that he was prejudiced by his counsel's withdrawal from representation on

appeal.  See Vega v. Johnson, 149 F.3d 354, 362 (5th Cir. 1998) (the Texas Court

of Criminal Appeals' finding that an issue was without merit demonstrates that

"counsel could hardly have committed an egregious error in failing to make the argument"). Because petitioner cannot show that he was prejudiced by the state court's adjudication of this claim, he does not meet the second prong of the Strickland test.

It is respectfully recommended that petitioner's claim that his counsel rendered ineffective assistance by withdrawing from representation after the deadline to file an appeal had passed is without merit.

### 7. Petitioner's Claim That His Counsel Coerced Him to Plead Guilty.

Finally, petitioner claims that his counsel threatened, harassed, and coerced him into pleading guilty by telling him that if he did not accept the plea agreement, he would be convicted of aggravated robbery, rather than robbery, and receive a life sentence. (D.E. 22, at 8). Regarding this claim, his counsel stated:

> Mr. Canales accepted the plea offer voluntarily. It was taken on the day we were set for trial. We had the witness, Ms. Zamora, present. I also had with me the receipt, which showed his reason for being at the Wal-Mart. When the State agreed to drop the aggravated robbery and let Mr. Canales plea guilty to a thirty-year sentence with no deadly weapon finding, Mr. Canales accepted the plea offer and pleaded guilty. In my opinion, this was in his best interest. The State could prove he was a habitual-felony offender, exposing him to a twenty-five year to life sentence. There were two persons prepared to testify that he had used force (he actually stabbed one of them) to aid Ms. Zamora to get

25

> away.  They were prepared [to testify] she had placed the
> stolen merchandise in the van and Mr. Canales was
> confronting the Wal-Mart personnel.  They were also
> prepared to testify that there was other property in the
> van that had been stolen in other incidents.  Ms. Zamora
> would not have been a great help, because she had
> already pleaded to the offense of robbery.  In effect, she
> admitted Mr. Canales had used a knife during the
> robbery.

Ex parte Canales, App. No. 63,328-01, State's Answer, Ex. B.  The state court

adopted the assertions of counsel.  Id. at supp. p. 116-17.  The Texas Court of

Criminal Appeals adopted the findings of the state court.  Id. at cover.  Petitioner

has not presented anything to overcome the presumption of correctness to which

the state court's findings are entitled.  In order to prove a claim that a guilty plea

was coerced by a statement from the state or an attorney, a petitioner "must prove

that an actual promise was made by showing (1) the exact terms of the alleged

promise; (2) exactly when, where, and by whom such promise was made; and (3)

the precise identity of any eyewitness to the promise."  DeVille v. Whitley, 21 F.3d

654, 658 (5th Cir. 1994) (citation omitted).  Petitioner has presented no evidence

that his counsel promised him he would receive life in prison if convicted, although

his counsel does admit that life in prison was a possibility because of petitioner's

prior convictions.

Furthermore, the Fifth Circuit has established that:

> A defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial. We have held that a defense lawyer's stern warnings about the client's chances of success at trial, the potential for prison time, and the lawyer's potential withdrawal do not compromise voluntariness. Even if [the petitioner's] lawyer warned that he would almost certainly lose at trial and face a harsh sentence, these were warnings, not threats.

United States v. Cothran, 302 F.3d 279, 284 (5th Cir. 2002) (citations omitted). Petitioner has failed to show that his attorney's warnings about the potential sentence he could receive if convicted of aggravated robbery compromised the voluntariness of his plea.

It is respectfully recommended that petitioner's claim that his counsel threatened, harassed and coerced him to plead guilty is without merit.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner

27

relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

28

of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 25), be granted, and that petitioner's amended petition for writ of habeas corpus, (D.E. 17), be dismissed with prejudice. It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 1st day of February 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within TEN (10) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).