IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO R. CANALES, | § | |
|     Petitioner, | § | |
| v. | § | C.A. NO. C-06-266 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

## ORDER

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. He is currently incarcerated at the Ferguson Unit in Midway, Texas. Pending is petitioner's motion to forward any pleadings, responses, and court orders. (D.E. 40). Specifically, he seeks to add an inmate incarcerated in the Beto Unit in Tennessee Colony, Texas as a party so that a copy of all documents filed or issued in this case would be sent to that inmate. Id.

Petitioner is proceeding pro se in this action. Currently, he sends and receives all documents related to this petition through his sister who, in turn, sends and receives this mail from the inmate at the Beto Unit.

The Fifth Circuit has explained that "[t]here is [] no right ... to receive legal assistance from a jailhouse lawyer independent of the right of access to the court." Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996) (per curiam) (quoting Gassler v. Rayl, 862 F.2d 706, 707-08 (8th Cir. 1988)). Moreover, "[p]risoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed." Id. (citations omitted); Johnson v. Rodriguez, 110 F.3d 299, 311 (5th Cir. 1997) (quoting Tighe). Petitioner has no right to assistance from the inmate at the Beto Unit.

Moreover, this inmate at the Beto Unit would still have to send any filings by petitioner to him at the Ferguson Unit. Indeed, the Fifth Circuit also cautioned that "where the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court <u>a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer</u>." <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1021 (5th Cir. 1998) (emphasis added); <u>see</u> <u>also</u> Fed. R. Civ. P. 11(a). As such, any documents filed by petitioner would require his signature.

Accordingly, petitioner's motion to forward any pleadings, responses, and court orders, (D.E. 40), is DENIED.

ORDERED this 15th day of May 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE