IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO R. CANALES, § | | |
|    TDCJ-CID NO. 1276027, § | | |
| § | | |
| v. § | | C.A. NO. C-06-266 |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
|    DIRECTOR, TDCJ-CID. § | | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and currently is incarcerated at the Ferguson Unit in Midway, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 27, 2006. (D.E. 1).

On December 12, 2006, respondent filed a motion for summary judgment. (D.E. 25). On February 20, 2007, this Court granted respondent's motion for summary judgment and specifically denied a certificate of appealability before entering final judgment. (D.E. 30, 31). Pending is petitioner's motion for a certificate of appealability. (D.E. 40, at 4).

For the reasons stated herein, it is respectfully recommended that petitioner's motion for a certificate of appealability be denied.

## DISCUSSION

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

Similarly, for claims that district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Petitioner's motion does not raise any new issues warranting a certificate of appealability. Indeed, he has made no showing that reasonable jurists might disagree about the correctness of this Court's ruling.

## RECOMMENDATION

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that petitioner's motion for a certificate of appealability, (D.E. 40, at 4), be denied. Finally, it is respectfully recommended that petitioner be advised that he may request the issuance of a COA from a circuit court of appeals judge. See Fed. R. App. P. 22(b).

Respectfully submitted this 16th day of May 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).